TIMOTHY J. RACICOT
First Assistant U.S. Attorney
KARLA E. PAINTER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 East Front Street, Suite 401
Missoula, MT 59802
Phone:   (406) 542-8851
FAX:     (406) 542-1476
E-mail:  Tim.Racicot2@usdoj.gov
         Karla.Painter@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

August 4, 2022

Clerk, U.S. District Court
District of Montana
Great Falls Division

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW KYLE WHITTECAR,<br><br>Defendant. | CR 22-39-M-DWM<br><br>**INDICTMENT**<br><br>CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES (Count 1)<br>Title 21 U.S.C. § 846<br>(Penalty for fentanyl: Mandatory minimum ten years to life imprisonment, $10,000,000 fine, and at least five years of supervised release)<br>(Penalty for methamphetamine: Mandatory minimum five to 40 years of imprisonment, $500,000 fine, and at least four years of supervised release) |

1

| | |
|---|---|
| | **POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES** <br> (Count 2) <br> Title 21 U.S.C. § 841(a)(1) <br> Title 18 U.S.C. § 2 <br> (Penalty for fentanyl: Mandatory minimum ten years to life imprisonment, $10,000,000 fine, and at least five years of supervised release) <br> (Penalty for methamphetamine: Mandatory minimum five to 40 years of imprisonment, $500,000 fine, and at least four years of supervised release) <br><br> **POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME** <br> (Count 3) <br> Title 18 U.S.C. § 924(c)(1) <br> (Penalty: Mandatory minimum five years to life imprisonment, consecutive to any other sentence, $250,000 fine, and five years of supervised release) <br><br> **PROHIBITED PERSON IN POSSESSION OF A FIREARM** <br> (Count 4) <br> Title 18 U.S.C. § 922(g)(1) <br> (Penalty: Ten years of imprisonment, $250,000 fine, and three years of supervised release) <br><br> **MONEY LAUNDERING** <br> (Counts 5-6) <br> Title 18 U.S.C. § 1957 <br> (Penalty: 20 years of imprisonment, $500,000 fine, and three years of supervised release) |

2

|  | FORFEITURE<br>Title 21 U.S.C. § 853<br>Title 18 U.S.C. § 924(d)<br>Title 26 U.S.C. § 5872(a)<br><br>TITLE 21 PENALTIES MAY BE ENHANCED FOR PRIOR DRUG-RELATED FELONY CONVICTIONS |
|---|---|

THE GRAND JURY CHARGES:

## COUNT 1

That beginning in approximately September 2019, and continuing until on or about April 27, 2022, at Stevensville, in Ravalli County, in the State and District of Montana, and elsewhere, the defendant, ANDREW KYLE WHITTECAR, knowingly and unlawfully conspired with others both known and unknown to the Grand Jury, to possess with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), 400 grams or more of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 50 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

## COUNT 2

That beginning in approximately September 2019, and continuing until on or about April 27, 2022, at Stevensville, in Ravalli County, in the State and District of

Montana, and elsewhere, the defendant, ANDREW KYLE WHITTECAR, knowingly possessed, with the intent to distribute, 400 grams or more of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 50 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and aided and abetted the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

COUNT 3

That beginning in approximately September 2019, and continuing until on or about April 27, 2022, at Stevensville, in Ravalli County, in the State and District of Montana, and elsewhere, the defendant, ANDREW KYLE WHITTECAR, knowingly possessed a firearm in furtherance of a drug trafficking crime that may be prosecuted in a court in the United States, namely Conspiracy to Possess with Intent to Distribute Controlled Substances and Possession with Intent to Distribute Controlled Substances, as alleged in Counts 1 and 2 above, in violation of 18 U.S.C. § 924(c)(1).

COUNT 4

That beginning in approximately September 2019, and continuing until on or about April 27, 2022, at Stevensville, in Ravalli County, and elsewhere, in the State and District of Montana, and elsewhere, the defendant, ANDREW KYLE

WHITTECAR, knowing he had been convicted on or about December 11, 2009, of a crime punishable by imprisonment for a term exceeding one year under the laws of the United States, knowingly possessed, in and affecting interstate commerce, a firearm, in violation of 18 U.S.C. § 922(g)(1).

## COUNT 5

That on or about November 27, 2020, in the State and District of Washington, the defendant, ANDREW KYLE WHITTECAR, knowingly conducted a financial transaction that involved the proceeds of specified unlawful activity, that is Conspiracy to Possess with Intent to Distribute Controlled Substances and Possession with the Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), with the intent to engage in monetary transactions in criminally derived property of value greater than $10,000 and derived from the specified unlawful activity, that is ANDREW KYLE WHITTECAR used proceeds from drug trafficking to purchase a 2015 Cadillac Escalade for $44,415.70 from Auto 206 Inc., in violation of 18 U.S.C. § 1957(a).

## COUNT 6

That on or about January 3, 2021, in the State and District of Washington, the defendant, ANDREW KYLE WHITTECAR, knowingly conducted a financial transaction that involved the proceeds of specified unlawful activity, that is

Conspiracy to Possess with Intent to Distribute Controlled Substances and Possession with the Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), with the intent to engage in monetary transactions in criminally derived property of value greater than $10,000 and derived from the specified unlawful activity, that is ANDREW KYLE WHITTECAR used proceeds from drug trafficking to purchase a 2008 Ford F450 for $26,000.00 from Appleway Chevrolet, in violation of 18 U.S.C. § 1957(a).

## FORFEITURE ALLEGATION

Upon conviction of either or both of Counts 1-2 of this indictment, the defendant, ANDREW KYLE WHITTECAR, shall forfeit, pursuant to 21 U.S.C. §§ 853(a) and 881(a): (1) any property constituting and derived from any proceeds obtained, directly and indirectly, as a result of the violations in this indictment; (2) any property used and intended to be used, in any manner and part, to commit, and facilitate the commission of the offenses in the indictment; and (3) any firearm used and intended to be used to facilitate the transportation, sale, receipt, possession, and concealment of controlled substances and any proceeds traceable to such property as alleged in the indictment.

The properties subject to forfeiture include the following:

- 3414 Prosperity Heights Drive, Stevensville, MT 59870;

- 2019 Ford F450 pickup truck bearing Vehicle Identification Number 1FT8W4DT4KEE58515;

- 2008 Ford F450 with a listed Vehicle Identification Number of 1FTXW43R88EB81426;

- 2015 Cadillac Escalade with a listed Vehicle Identification Number of 1GYS4SKJ8FR556876;

- 2021 Big Tex Flatbed Trailer bearing Vehicle Identification Number of 16V3F382XM4024411;

- 2001 Caterpillar Backhoe Model 420D with a listed Serial Number of FDP773; and

- $3,000.00 in U.S. Currency.

Upon conviction of either or both of the offenses set forth in Counts 3-4 of the indictment, the defendant, ANDREW KYLE WHITTECAR, shall forfeit, pursuant to 18 U.S.C. § 924(d), any firearms and ammunition involved in any knowing violation of said offenses.

If any of the property describe above as being subject to forfeiture, as a result of any action or omission of the defendants:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third party;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or,

e. Has been commingled with other property that cannot be divided without difficulty.

The United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

FOREPERSON

JESSE A. LASLOVICH
United States Attorney

CYNDEE L. PETERSON
Criminal Chief Assistant U.S. Attorney