ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW KYLE WHITTECAR,<br><br>Defendant. | CR 22-39-M-DWM<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

ANDREW KYLE WHITTECAR comes before the Court for sentencing on one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); one count of prohibited person in possession of firearms in violation of 18 U.S.C. § 922(g)(1); and one count of money laundering in violation of 18 U.S.C. § 1957. The drug charge carries a mandatory minimum sentence of 10

years to life imprisonment; the gun charge and the money laundering charges both carry statutory maximum sentences of 10 years. PSR ¶ 166.

The PSR calculates a Guidelines sentencing range of 324-to-405 months (Total Offense Level 40; Criminal History Category II). PSR ¶ 167. However, the parties have stipulated to a base offense level of 30 rather than 34 relative to drug amount. Pursuant to this stipulation Mr. Whittecar withdraws his remaining objections to the guideline calculation, resulting in a Guidelines sentencing range of 210-to-262 months. (Total Offense Level 36; Criminal History Category II).

Mr. Whittecar argues here that the 18 U.S.C. § 3553(a) sentencing factors support his request for a statutory variance to a below-guideline sentence at the mandatory minimum of 120 months.

## PSR OBJECTIONS WITHDRAWN

At the PSR objection stage of this proceeding, Mr. Whittecar lodged detailed objections to the drug amount computation and determination of the base offense level. He further disputed application of the drug premises enhancement pursuant to USSG § 2D1.1(b)(12) and the four-level enhancement pursuant to USSG § 2D1.1(b)(13) for knowingly misrepresenting as another substance a substance containing fentanyl. He argued that the clear and convincing standard of proof applied to the drug amount determination and application of the (b)(13) enhancement. Finally, he sought a Chapter Three role adjustment. *See Addendum*

*to PSR*. These objections are withdrawn. Mr. Whittecar limits his argument regarding the requested sentence to the § 3553(a) factors.

Given the stipulation to drug amount establishing a base offense level of 30, the applicable sentencing range is 210-to-262 months. (Total Offense Level 36; Criminal History Category II).

Mr. Whittecar has no outstanding objections to the PSR.

## ARGUMENT

**A.    The Guidelines and relevant sentencing statutes.**

In fashioning a reasonable sentence that comports with the sentencing factors in 18 U.S.C. § 3553(a), the starting point is the Guidelines calculation. *United States v. Zavala*, 443 F.3d 1165, 1168-69 (9th Cir. 2006). Once the proper Guidelines benchmark has been calculated, the sentencing court must consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 48-51 (2007); *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc). The sentencing court enjoys broad discretion to consider, without limitation, any information concerning the background, character, and conduct of the defendant in imposing a reasonable sentence. *Pepper v. United States*, 562 U.S. 476, 488-489 (2011).

Although the Guidelines range "should be the starting point and the initial benchmark," a district court may not presume that the Guidelines range is

reasonable. *Gall*, 552 U.S. at 48; *Carty*, 520 F.3d at 991. Nor are "extraordinary" circumstances required to justify a non-Guidelines sentence. *Gall*, 552 U.S. at 47. The Guidelines are to be given no greater weight than any other § 3553(a) factor. *Gall*, 552 U.S. at 45-46, 48-51; *Carty*, 520 F.3d at 991. The sentence is ultimately reviewed for abuse of discretion and the appellate court cannot apply a presumption of unreasonableness to a sentence outside the Guidelines range. *Gall*, 552 U.S. at 50-51.

**B.     The § 3553(a) factors suggest that a statutory variance is warranted.**

* <u>Personal history and characteristics</u>

Mr. Whittecar is 38 years-old. PSR, p 3. He is married and is the father of three children, aged 15, 14, and six. PSR ¶¶ 123. His wife and children have relocated to Las Vegas, Nevada to live with her parents. PSR ¶ 126. Mr. Whittecar maintains a close relationship with his children. *Id*.

Mr. Whittecar's biggest supporter is his mother, Sandra. PSR ¶ 118. Sandra largely supported the family while Mr. Whittecar was growing up. She describes Mr. Whittecar as extremely bright and attentive to the needs of others. PSR ¶ 119.

Mr. Whittecar has struggled with substance abuse. He was using drugs on a regular basis prior to his arrest. His drug possession and distribution offense conduct is a function of his addiction. *See* PSR ¶ 144. Mr. Whittecar detoxed while he was in custody in Minnesota in connection with this offense; he experienced severe

withdrawal symptoms. PSR ¶ 121. Mr. Whittecar was using actively using controlled substances at the time of his arrest. *See* PSR ¶¶ 24, 32.

This is Mr. Whittecar's first conviction for a drug related offense. His prior federal convictions involved firearms and bank fraud. PSR ¶¶ 97-98. Mr. Whittecar completed a five-year term of federal supervised release without violation. PSR ¶ 98.

* Offense conduct

Mr. Whittecar acknowledged his offense conduct with respect to Count II, Possession with the Intent to Distribute Controlled Substances, at the inception of this proceeding while in custody in Minnesota. *See* PSR ¶¶ 38-42. To the extent Mr. Whittecar's offense level calculation is driven by the Money Laundering count pursuant to the "jump out" provisions of USSG § 2S1.1, it is notable that Mr. Whittecar has forfeited significant assets: an interest in real property, vehicles, and currency. *See* PSR ¶ 11.

**C.    This Court can vary below the Guidelines based on policy considerations.**

Judges "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). When they do, the court of appeals may not "grant greater fact finding leeway to [the Commission] than to [the] district judge." *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007). Whatever respect a guideline may

deserve depends on whether the Commission acted in "the exercise of its characteristic institutional role." *Kimbrough*, 128 S. Ct. at 575. This role has two basic components: (1) reliance on empirical evidence of pre-guidelines sentencing practice, and (2) review and revision in light of judicial decisions, sentencing data, and comments from participants and experts in the field. *Rita*, 127 S. Ct. at 2464-65. "Notably, not all of the Guidelines are tied to this empirical evidence." *Gall v. United States*, 128 S. Ct. 586, 594 n.2 (2007). When a guideline is not the product of "empirical data and national experience," it is not an abuse of discretion to conclude that it fails to achieve § 3553(a)'s purposes, even in a "mine-run case." *Kimbrough*, 128 S. Ct. at 575.

Judge John Gleeson of the Eastern District of New York has been particularly critical of the drug trafficking offense guidelines. Judge Gleeson has refused to place great weight on a defendant's guideline range given his fundamental policy disagreement with the offense guideline that produced it:

> The flaw is simply stated: the Guidelines ranges for drug trafficking offenses are not based on empirical data, Commission expertise, or the actual culpability of defendants. If they were, they would be much less severe, and judges would respect them more. Instead, they are driven by drug type and quantity, which are poor proxies for culpability.

*United States v. Diaz*, 2013 U.S. Dist. LEXIS 11386, *3 (E.D.N.Y. Jan. 28, 2013).

In addition to the typical drug guideline concerns mentioned by Judge Gleeson, the "drug premises" enhancement is not based on empirical data and

national experience.  *See* PSR ¶ 84.  Maintaining a drug premises is, like drug type and quantity, a poor proxy for culpability, especially when the drug trafficking offense of conviction does not contain an element relating to the manufacture of controlled substances.

## REQUEST FOR SENTENCE AND PLACEMENT

Andrew Kyle Whittecar respectfully requests a below-Guidelines sentence at the mandatory minimum of 120 months.  Mr. Whittecar's family lives in Montana (his parents and brother) and Nevada (his wife and children). He requests placement at FCI Sheridan, Oregon to remain close to his family.

RESPECTFULLY SUBMITTED this 24th day of January, 2023.

ANDREW KYLE WHITTECAR

/s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023 a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. TIMOTHY J. RACICOT
   First Assistant U.S. Attorney

   KARLA E. PAINTER
   Assistant U.S. Attorney
   Counsel for the United States of America

3. ANDREW KYLE WHITTECAR
   Defendant

By: /s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant